UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CITY OF BOSSIER CITY | CIVIL ACTION NO. 11-0472 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CAMP DRESSER & MCKEE INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment (Record Document 76) filed by the Plaintiff, the City of Bossier City ("the City"). The motion addresses the detrimental reliance counterclaim asserted by the Defendant, CDM Smith Inc., formerly Camp Dresser & McKee, Inc. ("CDM"). The City moves to dismiss the detrimental reliance claim "inasmuch as there is no evidence to support each and every element of CDM's claim for detrimental reliance." Record Document 76-2 at 1. CDM opposed the motion. See Record Document 89. For the reasons which follow, the City's Motion for Partial Summary Judgment addressing CDM's claim of detrimental reliance is **GRANTED**. CDM's detrimental reliance claim is **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

On February 14, 2006, the City and CDM entered into a "Standard Form Of Agreement Between Owner And Engineer For Study And Report And Professional Design, Bidding and Construction Services" ("WTP Contract"). See Record Document 76, Exh. 1 (Bates # CAMP 14195 - CAMP 14220). The WTP Contract was signed by Mayor Lorenz Walker ("Mayor Walker") and Justin Haydel ("Haydel"), Vice-President of CDM. See id. The WTP Contract provided that:

> This Agreement (consisting of Pages 1 to 19 inclusive) and the Exhibits identified above constitute the entire agreement between OWNER and

> ENGINEER and supercede all prior written or oral understandings. This Agreement may only be amended, supplemented, modified, or canceled by a duly executed written instrument.

Id., Exh. 1 at ¶ 9.1.3 (Bates # CAMP 14212). The City and CDM executed amendments to the WTP Contract on August 15, 2007; May 21, 2008; and November 9, 2009. See id., Exh. 1 (Bates # CAMP 14190 - CAMP 14193); (Bates # CAMP 19566 - CAMP 19568); and (Bates # CAMP 02899 - CAMP 02917).

On March 14, 2008, the City and CDM entered into an Agreement Between Owner And Engineer ("Wastewater Contract"), which was executed by Mayor Walker on behalf of the City and Haydel on behalf of CDM. See id., Exh. 12 (Bates # CAMP 81634 - CAMP 81655). The Wastewater Contract provided:

> THIS IS AN AGREEMENT . . . between Bossier City, Louisiana ("OWNER") AND Camp Dresser & McKee, Inc. ("ENGINEER").
>
> > OWNER intends to PREPARE A 201 FACILITIES PLAN (Sewer Master Plan) UPDATE ALL IN COMPLIANCE WITH THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY'S STATE REVOLVING FUND GUIDELINES AND IMPLEMENT IMPROVEMENTS TO ITS WASTEWATER TREATMENT PLANT, PUMP STATIONS AND SEWERAGE COLLECTION SYSTEM. THIS CONTRACT ASSIGNS CAMP DRESSER & McKEE AS BOSSIER CITY'S WASTEWATER ENGINEERS FOR ALL PROJECTS RELATED TO ITS SEWERAGE SYSTEM IMPROVEMENT PROGRAM (the "Project").

Id., Exh. 12 (Bates # CAMP 81634). The contract further provided:

> This Agreement (consisting of Pages 1 to 10 inclusive), and the Exhibits identified above constitute the entire agreement between OWNER and ENGINEER and supercede all prior written or oral understandings. This Agreement may only be amended, supplemented, modified, or canceled by a duly executed written instrument.

Id., Exh. 12 (Bates # CAMP 81642). On June 23, 2009, the City and CDM executed Amendment No. 1 To Agreement Between Owner And Engineer. See id., Exh. 14 (Bates # CAMP 00324 - CAMP 00329).

CDM does not dispute the aforementioned contractual provisions. However, CDM alleges that the contracts in question were orally modified. Alternatively, it asserts a detrimental reliance claim based on the following:[1]

1. Representatives of Bossier represented to CDM that CDM would not continue to receive the volume of work that it was then receiving from Bossier unless it opened an office in Bossier City, Louisiana and that the opening of such an office was a prerequisite in order for CDM to obtain such additional work from Bossier.

2. Based on Bossier's representations, CDM reasonably expected that if CDM opened an office in Bossier City, then CDM would in the future continue to receive additional work from Bossier and in justifiable reliance on those representations CDM relocated its office from Shreveport, Louisiana to Bossier City, Louisiana.

3. CDM incurred considerable expense that it would not have otherwise incurred by relocating its office from Shreveport, Louisiana to Bossier City, Louisiana including costs associated with leasing space for the Bossier office, moving to said office, relocating staff to and staffing said office, equipping said office, paying for its ongoing operations and, closing said office.

4. The additional work that CDM anticipated receiving from Bossier based on Bossier's representations did not materialize and accordingly CDM has been damaged by its detrimental reliance on

---

[1]In opposing another of the City's motions for partial summary judgment, CDM argues:

> In the alternative and in the event that the Court concludes that the contract was not modified, then CDM is entitled to retain all amounts that have been paid and to be paid all amounts still owing based on its detrimental reliance under La. Civ. Code Art. 1967.

Record Document 79 at 22.

>Bossier's representatives in an amount equal to the costs and expenses associated with opening, maintaining and closing its Bossier office.

Record Document 89-1 at 2-3.

## LAW AND ANALYSIS

### I.  Partial Summary Judgment Standard.

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[2] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

---

[2]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and Advisory Committee Notes.

**II.     Detrimental Reliance.**

CDM alleged a detrimental reliance claim in paragraph XX of its counterclaim:

> Furthermore, at the behest of Bossier City and based upon CDM's reasonable reliance upon Bossier City's long-term commitments under the WTP Contract, WTP Amendments, Wastewater Contract and Wastewater Amendment, CDM (I) relocated a resident engineer to Bossier City to oversee the construction phase of the Wastewater Contract and (ii) opened an office in Bossier City to facilitate CDM's performance of services under the WTP Contract, WTP Amendments, Wastewater Contract (including the construction phase thereof) and Wastewater Amendment. Bossier City knew that CDM relied upon Bossier City's long-term commitments under the WTP Contract, WTP Amendments, Wastewater Contract and Wastewater Amendment and knew that CDM took the foregoing actions described in (I) and (ii) hereof.  CDM incurred substantial costs in taking the actions described in (I) and (ii) hereof including, without limitation, relocation costs, the costs of leasing office space, the costs of leasing and purchasing equipment for such office, and labor costs incurred in staffing such office and winding up the operations of such office. CDM would not have taken the actions described in (I) and (ii) hereof and incurred the attendant costs (a) had Bossier City not urged CDM to open an office in Bossier City; (b) had Bossier City not made its long-term commitments under the WTP Contract, WTP Amendments, Wastewater Contract and Wastewater Amendment or (c) had CDM known that Bossier City would wrongfully terminate the WTP Contract, WTP Amendments, Wastewater Contract and Wastewater Amendment in June 2010 (discussed *supra* and *infra*).

Record Document 4 at ¶ XX.  The City seeks dismissal of CDM's detrimental reliance claim on multiple grounds.  See Record Document 76-2 at 5-6.  This Court will focus on the City's third argument, i.e., "CDM has yet to identify or produce any evidence of damages allegedly caused by its detrimental reliance." Id. at 5; Record Document 92 at 7-8.

Louisiana Civil Code Article 1967 provides, in pertinent part:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.

La. C.C. Art. 1967.  "To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence:  (1) a representation by conduct or word; (2) justifiable

reliance; and (3) a change in position to one's detriment because of the reliance." Suire v. Lafayette City-Parish Consol. Gov't, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 59. "If the plaintiff suffered no damage in reliance on a promise, there was no detrimental reliance." Jackson v. Lare, 34,124 (La. App. 2 Cir. 11/1/00), 779 So. 2d 808, 813.

The City moves for summary judgment as to CDM's detrimental reliance claim, arguing that "CDM has not offered any calculations, documentation, or other evidence to support the very generic and conclusory allegations" set forth in two affidavits submitted by CDM employees. Record Document 92 at 7. Richard Alan Cloutier ("Cloutier"), the Senior Vice President and Regional Manager of CDM from 2008 to April 2012, stated in his affidavit that "CDM incurred substantial expenses in connection with opening and operating its office in Bossier City." Record Document 89, Exhibit 190 at ¶ 11. Domenic Dicenso ("Dicenso") is currently, and was during 2008, employed by CDM as the Regional Performance Manager. See id., Exhibit 191 at ¶ 2. In his affidavit, Dicenso stated:

> CDM incurred considerable expenses in connection with opening its Bossier City office, including leasing space for the office, moving said office, staffing it, equipping it and paying for it on an ongoing basis as well as closing it in January of 2011 once the City of Bossier had terminated its contracts with CDM and it became apparent that no additional work would be forthcoming from the City of Bossier.

Id., Exhibit 191 at ¶ 9.

"Affidavits setting forth ultimate or conclusory facts are insufficient to either support or defeat a motion for summary judgment." Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985); see also Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) & Goodman v. Life Ins. Co. of N. Am., 244 F.3d 138 (5th Cir. 2000). Additionally, the Fifth Circuit has noted that "it is a basic concept of damages that they must

be proved by the party seeking them." Servicios-Expoarma, C.A. v Indus. Mar. Carriers, Inc., 135 F.3d 984, 995 (5th Cir. 1998). The plaintiff must prove damages with "reasonable certainty" and the damages cannot be speculative or conjectural. Bayle v. Allstate Ins. Co., 615 F.3d 350, 363 (5th Cir. 2010); In re Liljeberg Enterprises, Inc., 304 F.3d 410, 447 (5th Cir. 2002). The evidence underlying the damages "must furnish data for a reasonably accurate estimate of the amount of damages." In re Liljeberg Enterprises, Inc., 304 F.3d at 447-448.

The affidavits submitted by Cloutier and Dicenso simply do not satisfy the legal requirements set forth above. Their statements regarding "substantial expenses" and "considerable expenses" are ultimately conclusory facts. The statements are unsupported by any detailed factual evidence in the summary judgment record. Accordingly, CDM has failed to raise a genuine dispute of material fact as to the third element of its detrimental reliance claim, that is, a change in position to one's detriment because of the reliance. Because CDM has not come forward with competent summary judgment evidence establishing that it suffered damages, there can be no detrimental reliance. See Jackson, 779 So. 2d at 813 ("If the plaintiff suffered no damage in reliance on a promise, there was no detrimental reliance."). Partial summary judgment is therefore **GRANTED** and CDM's detrimental reliance claim is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based on the foregoing analysis, the Court finds that partial summary judgment in favor of the City is appropriate as to CDM's detrimental reliance claim. CDM's detrimental

reliance claim fails as to the third element because CDM has not come forward with competent summary judgment evidence establishing that it suffered damages.

Accordingly,

**IT IS ORDERED** that the City's Motion for Partial Summary Judgment (Record Document 76) is **GRANTED**. CDM's detrimental reliance claim is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE